| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: <br> _____ District of _____ <br> (State) <br> Case number (*If known*): _____ Chapter _____ |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name** _____

2. **All other names debtor used in the last 8 years** _____
   
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | _____ <br> Number    Street | _____ <br> Number    Street |
   | _____ | _____ <br> P.O. Box |
   | _____ <br> City    State    ZIP Code | _____ <br> City    State    ZIP Code |
   |  | **Location of principal assets, if different from principal place of business** |
   | _____ <br> County | _____ <br> Number    Street |
   |  | _____ |
   |  | _____ <br> City    State    ZIP Code |

5. **Debtor's website** (URL) _____

Debtor _____    Case number (*if known*)_____
    Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❑ Partnership (excluding LLP)<br>❑ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br><br>❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❑ Railroad (as defined in 11 U.S.C. § 101(44))<br>❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>❑ None of the above<br><br>B. *Check all that apply:*<br><br>❑ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>___ ___ ___ ___ |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>❑ Chapter 7<br>❑ Chapter 9<br>❑ Chapter 11. *Check **all** that apply*:<br><br> ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br> ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br> ❑ A plan is being filed with this petition.<br><br> ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br> ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br> ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>❑ Chapter 12 |

Debtor _____   Case number (*if known*)_____
       Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ❏ No

   ❏ Yes.  District _____  When _____  Case number _____
                                             MM / DD / YYYY

           District _____  When _____  Case number _____
                                             MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ❏ No

    ❏ Yes.  Debtor _____  Relationship _____
              District _____  When _____
                                           MM / DD / YYYY
              Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ❏ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ❏ No

    ❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ❏ It needs to be physically secured or protected from the weather.

    ❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ❏ Other _____

    **Where is the property?** _____
                                       Number       Street

    _____

    _____  _____  _____
    City                                    State  ZIP Code

    **Is the property insured?**

    ❏ No

    ❏ Yes.  Insurance agency _____

              Contact name _____

              Phone _____

---

**Statistical and administrative information**

Debtor _____   Case number (*if known*)_____
         Name

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❏ Funds will be available for distribution to unsecured creditors.<br>❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors**[1] | ❏ 1-49<br>❏ 50-99<br>❏ 100-199<br>❏ 200-999 | ❏ 1,000-5,000<br>❏ 5,001-10,000<br>❏ 10,001-25,000 | ❏ 25,001-50,000<br>❏ 50,001-100,000<br>❏ More than 100,000 |
| **15. Estimated assets** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |
| **16. Estimated liabilities*** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
             MM / DD / YYYY

✗ ___/s/ Jonathan B. Leiken_____   _____
   Signature of authorized representative of debtor    Printed name

   Title _____

---

[1] The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Schedule 1, attached hereto.

Debtor _____   Case number (*if known*)_____
       Name

**18. Signature of attorney**

✗ */s/ Matthew D. Cavenaugh*
_____   Date   _____
Signature of attorney for debtor            MM   / DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number        Street

_____   _____   _____
City                                          State      ZIP Code

_____   _____
Contact phone                    Email address

_____   _____
Bar number                                        State

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. Each Debtor is listed with the last four digits of its federal tax identification number. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Diebold Holding Company, LLC.

Diebold Holding Company, LLC (3478)
Diebold Nixdorf, Incorporated (3970)
Diebold Nixdorf Technology Finance, LLC (9709)
Diebold Global Finance Corporation (2596)
Diebold SST Holding Company, LLC (3595)
Diebold Self-Service Systems (8298)
Griffin Technology Incorporated (4416)
Impexa, LLC (1963)
Diebold Nixdorf Canada, Limited (N/A)
Diebold Canada Holding Company Inc. (N/A)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Diebold Nixdorf Technology Finance, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-_____(___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Diebold Nixdorf Technology Finance, LLC, states as follows:

| Debtor | Name and Address of Equity Interest Holder | Percentage of Interests Held |
|---|---|---|
| Diebold Nixdorf Technology Finance, LLC | Diebold Nixdorf, Incorporated<br>50 Executive Parkway<br>Hudson, OH 44326 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name  _____

United States Bankruptcy Court for the: _____  District of _____
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration___list of equity holders and corporate ownership statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __06/01/2023__       ✗  ___/s/ Jonathan B. Leiken_____
MM / DD / YYYY                Signature of individual signing on behalf of debtor

___Jonathan B. Leiken_____
Printed name

___President_____
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

Execution Version

# DIEBOLD NIXDORF TECHNOLOGY FINANCE, LLC
**(a Delaware limited liability company)**
**Action by Unanimous Written Consent of the Board of Managers**
**May 31, 2023**

Pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act, the undersigned, being all of the members of the board of managers (the "Board") of Diebold Nixdorf Technology Finance, LLC, a Delaware limited liability company (the "Company"), hereby consent by this Action by Unanimous Written Consent of the Board of Managers to the adoption of the following resolutions with the same force and effect as if they had been unanimously adopted by a duly convened meeting of the Board:

**WHEREAS**, on May 30, 2023, the Company Parties (as defined below) entered into a restructuring support agreement (the "Restructuring Support Agreement"), by and among:

1. Diebold Nixdorf, Incorporated ("Parent") and each of its direct and indirect subsidiaries listed on Exhibit A-1 to the Restructuring Support Agreement, including the Company (collectively, the "Company Parties");

2. certain holders of claims arising under that certain prepetition priority term loan facility due July 2025, provided for under that certain Credit Agreement, dated as of December 29, 2022, by and among Parent and Diebold Nixdorf Holding Germany GMBH, as borrowers, certain of the Company Parties, as guarantors, the lenders party thereto, and GLAS Americas LLC, as administrative agent and collateral agent, as amended, restated, amended and restated, supplemented, waived or otherwise modified from time to time;

3. certain holders of claims under that certain prepetition first lien term loan facility due 2025, provided for under that certain Credit Agreement, dated as of December 29, 2022, by and among Parent, as borrower, certain of the Company Parties, as guarantors, the lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, and GLAS Americas LLC, as collateral agent, as amended, restated, amended and restated, supplemented, waived or otherwise modified from time to time;

4. certain holders of claims arising under those certain 9.375% senior secured notes due 2025, issued by Parent, pursuant to the that certain amended and restated senior secured notes indenture, dated as of July 20, 2020, among Parent, as issuer, certain of the Company Parties, as guarantors, the GLAS Americas LLC, as collateral agent, and U.S. Bank Trust Company, National Association, as trustee, as amended, restated, amended and restated, supplemented, waived or otherwise modified from time to time;

5. certain holders of claims arising under those certain 9.00% senior secured notes due 2025, issued by Diebold Nixdorf Dutch Holding B.V. ("Diebold Netherlands"), pursuant to that certain amended and restated senior secured notes indenture, dated as of December 29, 2022 among Diebold Netherlands, as issuer, Parent, as guarantor, certain of the Company Parties, as guarantors, the U.S. Bank Trust Company, National Association, as trustee, and GLAS Americas LLC, as collateral agent, as amended, restated, amended and restated, supplemented, waived or otherwise modified from time to time;

6. certain holders of claims arising under those certain 8.50%/12.50% senior secured PIK toggle notes due 2026, issued by Parent, in an original aggregate principal amount of $333,616,814, pursuant to that certain senior secured PIK toggle notes indenture, dated as of December 29, 2022, among Parent, as issuer, certain of the Company Parties, as guarantors, the U.S. Bank Trust Company, National Association, as trustee, and GLAS Americas LLC, as collateral agent, as amended, restated, amended and restated, supplemented, waived or otherwise modified from time to time; and

7. each DIP Backstop Party (as defined in the Restructuring Support Agreement) (the parties described in items 2 through 7, collectively, the "Consenting Stakeholders"),

which contemplates a comprehensive restructuring of the Company Parties on the terms set forth in the Restructuring Support Agreement (the "Restructuring Transactions");

**WHEREAS**, pursuant to the Restructuring Support Agreement, the Company Parties and the Consenting Stakeholders agreed, among other things, to effectuate the Restructuring Transactions through the commencement of voluntary reorganization cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by the Company; Diebold Nixdorf Technology Finance, LLC; Diebold Global Finance Corporation; Diebold SST Holding Company, LLC; Diebold Holding Company, LLC; Diebold Self-Service Systems; Griffin Technology, Incorporated; Impexa, L.L.C.; Diebold Nixdorf Canada, Limited; and Diebold Canada Holding Company Inc. (collectively, the "Chapter 11 Debtors") and the filing of a joint plan of reorganization (the "U.S. Plan") and disclosure statement (the "Disclosure Statement") in the course of the Chapter 11 Cases and pursuant to the terms of chapter 11 of the Bankruptcy Code;

**WHEREAS**, pursuant to the Restructuring Support Agreement, the Company Parties and the Consenting Stakeholders agreed, among other things, further to effectuate the Restructuring Transactions through the commencement of voluntary reorganization proceedings (the "Dutch Proceeding") pursuant to the *Wet Homologatie Onderhands Akkoord* (the "WHOA") under Netherlands law by Diebold Nixdorf Dutch Holding B.V. and Diebold Nixdorf Global Holding B.V. ("Diebold Netherlands") in the District Court of Amsterdam (the "Dutch Court") and seek recognition of the Dutch Proceeding under

chapter 15 of the Bankruptcy Code (the "Chapter 15 Cases" and, together with the Chapter 11 Cases and the Dutch Proceeding, the "Restructuring Proceedings") and seek confirmation and consummation of a plan of reorganization under the WHOA (the "WHOA Plan");

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company regarding the material terms of the U.S. Plan and the WHOA Plan, pursuant to which the U.S. Debtors and Diebold Netherlands would, among other things, implement a reorganization of the Company Parties' liabilities;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company regarding the material terms of the proposed Disclosure Statement and related solicitation procedures;

**WHEREAS**, that the Board authorized and approved the initiation of solicitation proceedings with respect to the U.S. Plan and the WHOA Plan, as contemplated by the Restructuring Support Agreement and as described in the Disclosure Statement, as each may be amended or modified from time to time; and

**WHEREAS**, the Board has (a) regularly and carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position and other relevant information; (b) thoroughly evaluated the Company's strategic alternatives, including a possible restructuring; (c) conferred extensively with the Company's management and advisors regarding these matters; (d) determined that the filing of a voluntary petitions under chapter 11 of the Bankruptcy Code by the Company and the Chapter 11 Debtors is in the best interests of the Company, its subsidiaries and affiliates and its stakeholders; and (e) determined that consummation of the Financing Transactions (defined below) is necessary and appropriate to ensure implementation of the U.S. Plan and the WHOA Plan.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, the other U.S. Guarantors and their stakeholders that the Company seek relief under chapter 11 of the Bankruptcy Code or in any other appropriate forum for an order recognizing the U.S. Plan or otherwise implementing the U.S. Plan as circumstances require;

**FURTHER RESOLVED**, that the Company, shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") to initiate a Chapter 11 Case, in the United States Bankruptcy Court for the Southern District of Texas or such other court (the "Bankruptcy Court") as each "Authorized Person" (as defined below) of the Company shall determine to be appropriate and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Case in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof; and (d) to take any action as may be deemed necessary, desirable or appropriate to carry out the intent of this resolution, including the filing of the Petition and any ancillary documents;

**FURTHER RESOLVED**, that the Board authorizes, confirms, approves and ratifies the form, terms and provisions of, and each of the Restructuring Transactions contemplated by the Restructuring Support Agreement, the U.S. Plan, the WHOA Plan and the Disclosure Statement, as each may be amended or modified from time to time, and the filing thereof with the Bankruptcy Court, as applicable;

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them individually hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain:  (a) Jones Day; (b) Ducera Partners LLC; (c) Jackson Walker LLP; (d) FTI Consulting, Inc.; (e) Kroll Restructuring Administration, LLC; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, experts, agents or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with the Company's Restructuring Proceedings and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the law firms of Jones Day and Jackson Walker LLP and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any Restructuring Proceedings commenced by or against it under the Bankruptcy Code or in any other appropriate forum;

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession, shall be, and it hereby is, authorized to:  (a) enter into and incur any obligations under one or more

NAI-1537010336v2                                  4

debtor in possession financing facility or facilities (collectively, the "DIP Facilities"), which may provide for, among other things, subject to the satisfaction of certain conditions, the automatic conversion of all or a portion of the outstanding loans under such DIP Facilities into new loans issued, deemed issued and/or refinanced under exit facilities (collectively, the "Exit Facilities") and such other terms as may be approved by any one or more of the Authorized Persons, and to consummate the transactions contemplated thereby, including, without limitation, the use of cash collateral and the repayment and/or refinancing of certain indebtedness of the Company or its subsidiaries with the proceeds thereof (collectively, the "Financing Transactions"), as may be necessary, desirable or appropriate for the continuing conduct of the affairs of the Company; (b) enter into any amendment, amendment and restatement, supplement, replacement, refinancing or other modification to any of the Company's existing credit agreements, loan agreements, indentures or other agreements governing indebtedness or other obligations and liabilities of the Company and its subsidiaries, including, without limitation, any lien or guarantee release or other termination agreements, documents and instruments, in each case, as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons in connection with the Financing Transactions; and (c) pay any and all related fees and expenses, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by the Financing Transactions and to grant security interests in and liens upon some, all or substantially all of the Company's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons in connection with the Financing Transactions;

**FURTHER RESOLVED**, that: (a) the Authorized Persons shall be, and each of them individually, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, intellectual property security agreements, account control agreements, intercreditors, other collateral documents or security instruments, instruments, notices and any and all other agreements or documents arising in connection with the Financing Transactions as any one or more of the Authorized Persons may deem necessary, desirable or appropriate to facilitate the Financing Transactions (including, for the avoidance of doubt, to facilitate, initiate or otherwise consummate the transactions contemplated by the Exit Facilities), in each case including any amendments, amendment and restatements, supplements, replacements, refinancings or other modifications to the foregoing (collectively, the "Financing Documents"); (b) the Financing Documents, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons, are hereby adopted, ratified, confirmed and approved in all respects; and (c) the actions of any Authorized Person taken pursuant to these resolutions, including the execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is,

NAI-1537010336v2              5

authorized with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, any and all such agreements, documents certificates, instruments, statements, notices, undertakings, amendments and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Person shall be necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein;

**FURTHER RESOLVED**, that the signature of any director or Authorized Person may, but need not, be a facsimile or electronic signature imprinted or otherwise reproduced on the documents, and for that purpose the Company hereby adopts as binding upon it the facsimile signature of any present or future director or Authorized Person, notwithstanding the fact that at the time the documents shall be executed, authenticated or delivered or disposed of such person shall have ceased to be a director or Authorized Person of the Company and that, in case any director or Authorized Person of the Company whose facsimile signature shall appear on the documents shall cease to hold such office before the documents have been executed, authenticated and delivered or disposed of by the Company, such documents nevertheless may be executed, authenticated and delivered or disposed of and such documents shall be valid as though such person had not ceased to hold such position with the Company; and that any such documents as shall have been so executed authenticated, delivered or disposed of are hereby adopted by the Company as its binding obligations;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals at the direction of an Authorized Person, in connection with the Restructuring Proceedings or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions, including in connection with the Financing Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and

**FURTHER RESOLVED** that for the purposes of these resolutions, the term "Authorized Person" shall mean and include any director, manager or officer, or any designee of any of them, of the Company, as well as any person with relevant powers granted by the Company, and Mr. Carlin Adrianopoli.

IN WITNESS WHEREOF, the undersigned has caused this written consent to be executed as of this 31st day of May, 2023.

By: _____
 Name: Jonathan Leiken
 Manager


By: _____
 Name:  Elizabeth Radigan
 Manager




[*Signature Page to Board Consent of Diebold Nixdorf Technology Finance, LLC – Filing*]

IN WITNESS WHEREOF, the undersigned has caused this written consent to be executed as of this 31st day of May, 2023.

By: _____
     Name: Jonathan Leiken
     Manager

By: _____
     Name: Elizabeth Radigan
     Manager

[*Signature Page to Board Consent of Diebold Nixdorf Technology Finance, LLC – Filing*]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Diebold Nixdorf Technology Finance, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-_____(___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS
<u>HOLDING THE 30 LARGEST UNSECURED CLAIMS</u>**

Diebold Nixdorf, Incorporated and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>U.S. Debtors</u>"), in the above captioned cases each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  Contemporaneously with the filing of their petitions, the U.S. Debtors are hereby filing a consolidated list of the 30 largest unsecured creditors of the U.S. Debtors (the "<u>Creditors List</u>") in lieu of a separate list for each U.S. Debtor, consistent with Rule F.14 of the *Procedures for Complex Cases in the Southern District of Texas*.

The Creditors List is based on the U.S. Debtors' unaudited books and records as of the petition date and was prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(d) for filing in the chapter 11 case.  The Creditor List does not include:  (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of a secured creditor's collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.  The information contained herein constitutes neither an admission by the U.S. Debtors, nor does it constitute a waiver of the U.S. Debtors' right to contest the validity, priority or amount of any claim at a later date.

**Fill in this information to identify the case:**

Debtor name: Diebold Holding Company, LLC, *et al*.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____TBD_____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**                                12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | U.S. Bank Global Corporate Trust (8.5% Senior Notes Due 2024 Trustee) Attn: David A. Schlabach, Vice President/Relationship Manager 1350 Euclid Avenue, Suite 1100 Cleveland, OH 44115 | U.S. Bank Global Corporate Trust (8.5% Senior Notes Due 2024 Trustee) Attn: David A. Schlabach, Vice President/Relationship Manager Phone: 216.623.5987 Fax: 216.623.9259 E-mail: david.schlabach@usbank.com | Unsecured Debt | | | | $72,895,216.44 |
| 2 | Accenture International Limited Attn: Sharma Sukanya 1 Grand Canal Square Grand Canal Harbour Dublin 2 D02 P820 Ireland | Accenture International Limited Attn: Sharma Sukanya E-mail: sukanya.sharma@accenture.com | Trade Claim | | | | $31,455,988.98 |
| 3 | Ernst & Young LLP Attn: Walters Gina, Associate Director 200 Plaza Drive Secaucus, NJ 07094 | Ernst & Young LLP Attn: Walters Gina, Associate Director Phone: 313-628-8402 E-mail: gina.walters@ey.com | Trade Claim | | | | $23,312,012.59 |
| 4 | The Act 1 Group Inc. Attn: Leon Andrea 50 Paxman Road Etobicoke, ON M9C 1B7 Canada | The Act 1 Group Inc. Attn: Leon Andrea Phone: 310-750-3400 E-mail: aleon@agile1.com | Trade Claim | | | | $3,604,079.29 |
| 5 | Element Fleet Corporation Attn: Bettis Rick 940 Ridgebrook Road Sparks, MD 21152 | Element Fleet Corporation Attn: Bettis Rick Phone: 410-771-2302 E-mail: rbettis@elementcorp.com | Trade Claim | | | | $3,281,212.31 |
| 6 | Nidec Instruments America Corporation Attn: Wicker Krista 275 Northridge Dr Shelbyville, IN 46176 | Nidec Instruments America Corporation Attn: Wicker Krista Phone: 317-421-2220 E-mail: kwicker@us.nidec-sankyo.com | Trade Claim | | | | $2,919,537.61 |
| 7 | Arcatech Systems Attn: Brian Boffo 12215 Waters Park Rd Austin, TX 78759 | Arcatech Systems Attn: Brian Boffo Phone: 919-442-2532 E-mail: brianb@arcatechsystems.com | Trade Claim | | | | $2,898,684.56 |
| 8 | RXO Managed Transport LLC Attn: Chelcie Baldwin 11215 North Community House Road Charlotte, NC 28277 | RXO Managed Transport LLC Attn: Chelcie Baldwin Phone: 980-495-8409 E-mail: chelcie.baldwin@rxo.com | Trade Claim | | | | $2,225,623.44 |
| 9 | Alexander Mann Solutions Corporation Attn: Chris Allen 1301 E 9th Street Cleveland, OH 44114 | Alexander Mann Solutions Corporation Attn: Chris Allen Phone: 561-212-5851 E-mail: chris.allen@alexmann.com | Trade Claim | | | | $2,081,046.76 |
| 10 | Dormakaba USA Inc. Attn: Rachel Mango 6161 E 75th Street Indianapolis, IN 46250 | Dormakaba USA Inc. Attn: Rachel Mango Phone: 859-977-3538 E-mail: rachel.mango@dormakaba.com | Trade Claim | | | | $2,056,746.47 |

Debtor: Diebold Holding Company, LLC, *et al* .                                                                                              Case number (if known) ___TBD_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | Oracle America Inc. Attn: Steve Paynter 500 Oracle Parkway Redwood City, CA 94065 | Oracle America Inc. Attn: Steve Paynter Phone: 866-491-2250 E-mail: cash-appsin_ww@oracle.com | Trade Claim | | | | $2,045,707.09 |
| 12 | Hilscher Clarke Electric Attn: Mike Davis 519 4th St NW Canton, OH 44703 | Hilscher Clarke Electric Attn: Mike Davis Phone: 330-323-4856 E-mail: mdavis@hilscher-clarke.com | Trade Claim | | | | $1,851,632.99 |
| 13 | Microsoft Corporation Attn: Dannette Roberts One Microsoft Way Redmond, WA 98052 | Microsoft Corporation Attn: Dannette Roberts Phone: 510-427-0137 E-mail: dannettr@microsoft.com | Trade Claim | | | | $1,841,528.50 |
| 14 | KPMG LLP Attn: Shirley Haidle 3 Chestnut Ridge Road Montvale, NJ 07645-0435 | KPMG LLP Attn: Shirley Haidle Phone: 801-237-1464 E-mail: shaidle@kpmg.com | Trade Claim | | | | $1,627,010.00 |
| 15 | PC Partner Ltd. Attn: Sam Ng No. 1 Queen's Road Central Hong Kong China | PC Partner Ltd. Attn: Sam Ng Phone: 26876858 E-mail: samng@pcpartner.com | Trade Claim | | | | $1,588,359.80 |
| 16 | Cennox Inc. Attn: Amy Mill 3010 Santa Fe Court Missoula, MT 59808 | Cennox Inc. Attn: Amy Mill Phone: 406-251-5041 E-mail: amy.mill@cennox.com | Trade Claim | | | | $1,571,247.41 |
| 17 | PricewaterhouseCoopers LLP Attn: Cheryl Hall One North Wacker Chicago, IL 60606 | PricewaterhouseCoopers LLP Attn: Cheryl Hall Phone: 216-875-3553 E-mail: cheryl.a.hall@us.pwc.com | Trade Claim | | | | $1,335,000.00 |
| 18 | HQI LLC Attn: Vincent Sivori 920 Bloomfield Rd Springfield, KY 40069 | HQI LLC Attn: Vincent Sivori Phone: 502 502-643-5703 E-mail: vincent.sivori@yahoo.com | Trade Claim | | | | $1,270,838.93 |
| 19 | PRIMAT d.d. Attn: Irena Ocvirk Industrijska ulica 22 Maribor 2000 Slovenia | PRIMAT d.d. Attn: Irena Ocvirk Phone: +386 2 250 76 92 E-mail: irena.ocvirk@primat.si | Trade Claim | | | | $1,113,783.92 |
| 20 | Inspur Financial Information Technology Co Ltd. Attn: Bright Xia No. 818 Wusong Road Su Zhou 215124 China | Inspur Financial Information Technology Co Ltd. Attn: Bright Xia Phone: 86 21 6081 9439 E-mail: xiajianguo@inspur.com | Trade Claim | | | | $1,109,322.46 |
| 21 | Trinamix Inc. Attn: Prantik Chakraborty 123 E San Carlos St, Unit 15 San Jose, CA 95112 | Trinamix Inc. Attn: Prantik Chakraborty Phone: 925-548-7817 E-mail: prantik.chakraborty@trinamix.com | Trade Claim | | | | $1,084,380.63 |
| 22 | National Services LLC Attn: Walt Bearden 315 Trane Drive Knoxville, TN 37919 | National Services LLC Attn: Walt Bearden Phone: 865-405-2336 E-mail: waltb@nsa.bz | Trade Claim | | | | $1,042,839.92 |
| 23 | Defy Security LLC Attn: Rocky Bowermaster 375 Southpointe Blvd Ste 210 Canonsburg, PA 15317-8587 | Defy Security LLC Attn: Rocky Bowermaster Phone: 937-418-3102 E-mail: rocky@defysecurity.com | Trade Claim | | | | $961,543.46 |
| 24 | Partners In Tech Services Inc. Attn: Ashley Gropack 990 Corporate Drive Suite 610 Westbury, NY 11590 | Partners In Tech Services Inc. Attn: Ashley Gropack Phone: 732-580-3390 E-mail: ashley@partnerstechs.com | Trade Claim | | | | $957,684.70 |

Debtor: Diebold Holding Company, LLC, *et al* .

Case number (if known) ___TBD_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | Acbel Polytech Inc. Attn: Jessica Li No.159, Sec. 3, Danjin Rd. Tamsui Dist., New Taipei City 251 Taiwan | Acbel Polytech Inc. Attn: Jessica Li Phone: 011-886-2-2623-6530 E-mail: jessica_li@apitech.com.tw | Trade Claim | | | | $947,089.28 |
| 26 | Yongzhou Yalide Technology Co Ltd Attn: Jack Zhao No. 121 Lane One The Third Industry Area Matigang Dalingshan Dongguan, Guangdong 523810 China | Yongzhou Yalide Technology Co Ltd Attn: Jack Zhao Phone: 15831031770 E-mail: cjcrubber@cjcmotor.com | Trade Claim | | | | $909,967.10 |
| 27 | Shell Oil Products US Attn: Brian Edmonds 3333 Highway 6 South Houston, TX 77082 | Shell Oil Products US Attn: Brian Edmonds Phone: 713-241-8276 E-mail: brian.edmonds@shell.com | Trade Claim | | | | $905,530.02 |
| 28 | St. Moritz Security Services Inc. Attn: Brian Fiscus 4600 Clairton Blvd Pittsburgh, PA 15236 | St. Moritz Security Services Inc. Attn: Brian Fiscus Phone: 412-885-3144 E-mail: bfiscus@smssi.com | Trade Claim | | | | $883,973.74 |
| 29 | Tri Star Inc. Attn: Lisa Zhou No. 1888 Jintong Avenue, Tongzhou Development Area Tongzhou, Jiangsu 226300 China | Tri Star Inc. Attn: Lisa Zhou Phone: +86 513 86557000 E-mail: lisazhou@tristarinc.com | Trade Claim | | | | $867,266.68 |
| 30 | Clinton Electronics Corporation Attn: Judy Laird 6701 Clinton Road Loves Park, IL 61111 | Clinton Electronics Corporation Attn: Judy Laird Phone: 815-921-8062 E-mail: jlaird@clintonelectronics.com | Trade Claim | | | | $813,305.28 |